UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JORGE MANUEL DE PINA ANDRADE** | : | **DOCKET NO. 2:07-cv-260**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **J. P. YOUNG, WARDEN** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Jorge Manuel De Pina Andrade, pursuant to 28 U.S.C. §2241. By this petition, petitioner seeks review of his custody status. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

In his petition, the petitioner states that he is subject to a removal order which became final on July 24, 2006. He claims that he has been in post-removal-order detention since that time and that his removal to Cape Verde is not likely to occur in the reasonably foreseeable future.

Based upon the allegations in the petition, the court ordered the respondent to answer the petition. Following the filing of the answer, the court determined that an evidentiary hearing was necessary for the adjudication of this habeas corpus petition. An evidentiary hearing was set for the purpose of hearing evidence on whether there is a significant likelihood of removing petitioner in the reasonably foreseeable future.

Prior to the hearing date, the respondent filed a "Notice of Release of Alien and Suggestion of Lack of Subject Matter Jurisdiction [doc. 17] which included documentation to establish that petitioner was released from post-removal-order detention to an Order of Supervision on June 13, 2007. *See* Doc. 17-2. In light of this evidence, the undersigned upset the hearing and provided the petitioner with an

opportunity to produce contradictory summary judgment evidence on the issue of whether he has been released from post-removal-order custody. [doc. 19]. Counsel of petitioner has filed response indicating that he was, in fact, released from custody on June 13, 2007.

At the time that this petition was filed, petitioner was in detention pursuant to the statutory authority of § 241 of the INA, and he sought to have the court review his post-removal-order detention. However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed.

For this reason,

IT IS RECOMMENDED that this petition be DENIED AND DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, July 10, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE